IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 21-cv-00673-RM-SKC

ANNA FANCHER,

    Plaintiff,

v.

WALGREEN INC.

    Defendant.

---

**ORDER**

---

This matter is before the Court *sua sponte* upon review of the Notice of Removal ("Notice") alleging removal is proper based on diversity subject matter jurisdiction (ECF No. 1). *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001) (A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding.). Pursuant to 28 U.S.C. § 1332(a) district courts have diversity jurisdiction where the civil action is "between…citizens of different States." As relevant here, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). In addition, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* 781 F.3d 1233, 1238 (10th Cir. 2015). *See also Reece v. AES Corp.*, 638 F. App'x 755, 769 (10th Cir. 2016) (explaining that a person is a citizen of a state if the person is domiciled in that state, and that allegations of "residence" may be insufficient because one can reside in one

place but be domiciled in another).

In this case, Defendant's Notice, even when considered with the allegations in the Complaint, is insufficient to show diversity jurisdiction exists. Specifically, Defendant alleges:

> 5.  According to the allegations of the Complaint, Plaintiff is a resident of Denver County, Colorado. [Exhibit A, ¶2];
>
> 6.  According to the allegations of the Complaint, Walgreens is an Illinois corporation. [Exhibit A, ¶3]

(ECF No. 1, p. 2.) These allegations, however, fail to identify the State where Defendant has its principal place of business and where Plaintiff is domiciled; the Complaint also does not do so. (*See* ECF No. 6.)

Accordingly, it is **ORDERED** that on or before **Monday, March 15, 2021**, Defendant shall **SHOW CAUSE** why this action should not be remanded from where it was removed for lack of subject matter jurisdiction.

DATED this 8th day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge